**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GEORGE AXAM, | : | MOTION TO VACATE |
| BOP ID 53189-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:15-CV-3216-TWT-GGB |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:02-CR-54-TWT-GGB |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on federal inmate Georgie Axam's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  *See* (Doc 112).  Mr. Axam asserts that the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), is retroactively applicable and establishes that he was improperly sentenced as a "career offender" based on his prior burglary convictions.  *See* (*id.* at 4 & 11).  The United States Court of Appeals for the Eleventh Circuit has held, however, "that *Johnson* did not establish a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court."  *In re Rivero*, No. 15-13089-C, 2015 U.S. App. LEXIS 14202, at *1 (11th Cir. Aug. 12, 2015).

Because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings, that [Mr. Axam] is not entitled to relief," this Court "must dismiss the motion and direct the clerk to notify" Mr. Axam. 28 U.S.C. foll. § 2255, Rule 4.

Therefore, I **RECOMMEND** that Mr. Axam's motion be **DISMISSED**.

I further **RECOMMEND** that a Certificate of Appealability be **DENIED** because Mr. Axam does not meet the requisite standard.  *See Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

I **DIRECT** the Clerk to terminate the referral of this case to me.

**IT IS SO RECOMMENDED**, this 23rd day of September, 2015.

*/s/ Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE